IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RANGER STEEL SERVICES, L.P., § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-09-3111 |
| § | | |
| ORLEANS MATERIALS & § | | |
| EQUIPMENT CO., INC. and § | | |
| JOHN J. HOUSEY, JR., § | | |
|     Defendants. § | | |

## MEMORANDUM AND ORDER

This contract case is before the Court on the Motion to Dismiss ("Motion") [Doc. # 4] filed by Defendants Orleans Materials & Equipment Co., Inc. ("Orleans") and John J. Housey, Jr., to which Plaintiff Ranger Steel Services, L.P. ("Ranger") filed a Response [Doc. # 11]. Defendants filed a Reply [Doc. # 17], and Plaintiff filed a Sur-Reply [Doc. # 18]. Defendants argue that venue in the Southern District of Texas is improper pursuant to 28 U.S.C. § 1391(a), and ask that the case be dismissed or transferred to the Eastern District of Louisiana pursuant to 28 U.S.C. § 1406(a).[1] Having carefully reviewed the full record and the applicable legal authorities, the

---

[1] Defendants also argue that this Court lacks personal jurisdiction over them and that Plaintiff failed to plead its fraud claim with the particularity required by Rule 9 of the Federal Rules of Civil Procedure. It is undisputed that both Defendants are subject to personal jurisdiction in the Eastern District of Louisiana, and the challenge to the fraud claim will be transferred with the case to the transferee district.

Court concludes that venue is not proper in this district.  The Court, therefore, **grants** the Motion to the extent that the case is transferred to the United States District Court for the Eastern District of Louisiana.

## I.     BACKGROUND

Ranger is a steel marketing company located in Houston, Texas.  Orleans is a material handling company located in New Orleans, Louisiana.  Housey is an owner and officer of Orleans.

Ranger alleges that it entered into a warehousing agreement with Orleans in 2003 whereby Ranger would store its steel plate in a warehouse in Louisiana owned by Orleans.  When Orleans needed to purchase additional steel from Ranger, it would contact Ranger, agree on a price, then remove the steel from its own warehouse in Louisiana and pay Ranger for the steel it removed.  Ranger alleges that, beginning in October 2008, Orleans stopped paying for the steel it purchased from Ranger and removed from the warehouse in Louisiana.

Ranger filed its lawsuit in this federal district, asserting breach of contract, fraud, unjust enrichment, quantum meruit, and seeking to pierce the corporate veil to impose liability on Housey individually.  Defendants moved to dismiss the case for, *inter alia*, improper venue.  Alternatively, Defendants ask to have the case transferred

to the Eastern District of Louisiana. The Motion has been fully briefed and is ripe for decision.

## II. MOTION TO DISMISS FOR IMPROPER VENUE

Where, as here, a defendant raises the issue of improper venue by motion, the burden of proof is placed upon the plaintiff to establish that venue is proper in this district. *See, e.g., Psarros v. Avior Shipping, Inc.*, 192 F. Supp. 2d 751, 753 (S.D. Tex. 2002); *McCaskey v. Continental Airlines, Inc.*, 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001). In deciding whether venue is proper, the court must accept all properly alleged facts in the complaint as true. *Id.* Because subject matter jurisdiction in this case is based solely on diversity of citizenship, venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State." 28 U.S.C. § 1391(a)(1). It is undisputed that not all Defendants reside in Texas. As a result, venue in this district is not proper under § 1391(a)(1).

Venue can also be proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .."[2] 28 U.S.C. § 1391(a)(2). Plaintiff asserts that venue in the Southern District of Texas is proper under this

---

[2] If there is no district in which venue is otherwise proper, venue is proper in "a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(a)(3).

provision because a substantial part of the events giving rise to its claims occurred in Houston. The record does not support Plaintiff's argument.

In a lawsuit involving an alleged breach of contract, "venue is proper at the place of performance." *See Am. Carpet Mills v. Gunny Corp.*, 649 F.2d 1056, 1059 (5th Cir. 1981). The Court may also consider "where the contract was negotiated or executed, where it was to be performed, and where the alleged breach occurred." *James J. Flanagan Shipping Corp. v. Mediterranean Shipping Co.*, 2007 WL 2461817, *2 (E.D. Tex. Aug. 27, 2007) (quoting *PI, Inc. v. Quality Prods., Inc.,* 907 F. Supp. 752 (S.D.N.Y. 1995)). "The federal venue statutes do not require that the matter be litigated in the venue where the most substantial events occurred, just that the events occurring in the venue be substantial." *Hoover v. Florida Hydro, Inc.*, 2007 WL 2127568, *4 (E.D. La. July 24, 2007).

The breach of contract claim in this case involves an agreement for Orleans, in Louisiana, to purchase steel that was owned by Ranger and located in Louisiana. The contract which led to the steel being in Louisiana was negotiated in Louisiana, and the subsequent purchase agreements were "negotiated" either by telephone calls from Louisiana to Texas or by emails sent from Louisiana to Texas. The steel, which was already located in Louisiana, was "delivered" to Orleans in Louisiana when Orleans removed the steel from its warehouse. Payment for the steel was to be sent from

Orleans in Louisiana to Ranger in Texas, but the mere obligation to make payments to a Texas resident is not sufficient to establish proper venue. *See, e.g., Sysinformation, Inc. v. Professional Heathcare Billing Servs., LLC*, ___ F. Supp. 2d ___, 2009 WL 4640272, *4 (W.D. Tex. 2009). The failure to send the payments occurred in Louisiana. No Orleans employees traveled to Texas, and there were no events that occurred in Texas except for Ranger employees receiving periodic phone calls or emails.

Plaintiff also asserts a fraud claim based on Housey's alleged "failure to disclose" to Ranger that Orleans no longer intended to make payments for steel it purchased from Ranger. Plaintiff argues that a substantial part of the events on which it bases its fraud claim occurred in Texas, relying on *Transfirst Holdings, Inc. v. Phillips*, 2007 WL 731276 (N.D. Tex. Mar. 1, 2007). In *Transfirst*, however, it was alleged that the defendant made affirmative misrepresentations directed to Texas. In the case at bar, however, the fraud claim is based exclusively on Housey's "failure to disclose" information. Because Housey was located exclusively in Louisiana at the time he allegedly failed to make relevant disclosures, Plaintiff has not shown that a "substantial part" of the fraud claim occurred in Texas.

Defendants have contested venue in this district and, as a result, Plaintiff has the burden to show that venue here is proper. Plaintiff has failed to show that a

substantial part of the events on which the breach of contract and fraud claims are based occurred in the Southern District of Texas. Consequently, venue in this district is not proper.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). It is undisputed that the case could have been filed in the Eastern District of Louisiana, where both Defendants reside and are subject to personal jurisdiction. As a result, at Defendants' request and in the interest of justice, the Court will transfer this case to the Eastern District of Louisiana rather than dismiss the case for improper venue.

## III.   CONCLUSION AND ORDER

Venue is this district is not proper under § 1391(a). Rather than dismiss the case for improper venue, however, the Court exercises its discretion to transfer the case pursuant to 28 U.S.C. § 1406(a). Consequently, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 4] is **DENIED** as to the request to dismiss the case and **GRANTED** as to the alternative request that the case be transferred to the United States District Court for the Eastern District of Louisiana. The court will issue a separate Transfer Order.

SIGNED at Houston, Texas, this **14th** day of **January, 2010**.

_____
Nancy F. Atlas
United States District Judge