IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RANGER STEEL SERVICES, L.P., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-09-3111 |
| § | | |
| ORLEANS MATERIALS & § | | |
| EQUIPMENT CO., INC., et al., § | | |
| Defendants. § | | |

## **MEMORANDUM AND ORDER**

By Memorandum and Order [Doc. # 19] and Transfer Order [Doc. # 20] entered January 14, 2010, this case was transferred to the United States District Court for the Eastern District of Louisiana. The case is now before the Court on Plaintiff's "Motion for Reconsideration of the Court's Ruling Regarding Venue" ("Motion for Reconsideration") [Doc. # 22]. The record in this case has been transmitted to the Eastern District of Louisiana and, as a result, this Court lacks jurisdiction to consider Plaintiff's Motion for Reconsideration. *See, e.g., Pendleton v. Armortec, Inc.*, 729 F. Supp. 495, 497 (M.D. La. 1989) (citing *In re Southwestern Mobile Homes, Inc.*, 317 F.2d 65 (5th Cir. 1963)).

Even if the Court had jurisdiction to consider the Motion for Reconsideration, the Court would not alter its ruling. Plaintiff relies on the Fifth Circuit's statement in *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966), that the plaintiff's

"privilege of choosing venue places the burden on the defendant to demonstrate why the forum should not be changed." In *Manning*, however, the Fifth Circuit had already determined that venue in the Eastern District of Louisiana was proper under the special venue provision for copyright cases. When considering whether the case should be transferred under the discretionary provisions of 28 U.S.C. § 1404(a), the Court noted that the defendant bears the burden to establish that transfer bests serves the convenience of the parties and witnesses and the interest of justice. *Manning*, 366 F.2d at 698. As noted in the January 14, 2010, Memorandum and Order, once venue is challenged by the defendant, the burden of proof is placed upon the plaintiff to establish that venue is proper in this district. *See, e.g., Psarros v. Avior Shipping, Inc.*, 192 F. Supp. 2d 751, 753 (S.D. Tex. 2002); *McCaskey v. Continental Airlines, Inc.*, 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001). For the reasons stated in this Court's ruling, Plaintiff failed to satisfy that burden in this case. Accordingly, it is hereby

**ORDERED** that the Motion for Reconsideration [Doc. # 21] is **DENIED**.

SIGNED at Houston, Texas, this **19th** day of **January, 2010**.

_____
Nancy F. Atlas
United States District Judge